IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SYLVIA MILLS,
 Plaintiff,

vs.            Case No. 5:09cv362/RS/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
 Defendant.
_____/

## REPORT AND RECOMMENDATION

  Plaintiff initiated this action under the Social Security Act to obtain judicial review of the final decision of the Commissioner of Social Security ("the Commisssioner") denying Plaintiff's claim for disability benefits (Doc. 1). Pending is the Commissioner's Motion to Remand pursuant to sentence four of Title 42 U.S.C. § 405(g) (Doc. 21). The Commissioner has certified that Plaintiff has no objection to this motion.

  Sentence four of section 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In the instant case, the Commissioner states that remand is appropriate to enable the Administrative Law Judge ("ALJ") to offer Plaintiff a new hearing, complete the administrative record as necessary, and issue a new decision. According to the Commissioner, the ALJ will be instructed to consider the nature and severity of Plaintiff's fibromyalgia and to reevaluate Plaintiff's subjective complaints and residual functional capacity ("RFC"). The ALJ will include any limitations related to Plaintiff's fibromyalgia in the RFC. Additionally, the ALJ will review Plaintiff's subsequent claim files, consider any additional evidence that Plaintiff submitted with her subsequent claims, and determine what action, if any, to take regarding the subsequent claims. If

necessary, the ALJ will obtain supplemental evidence from medical or vocational experts (Doc. 21, Memorandum in Support at 1-2).

Based on the foregoing, this court concludes that the Commissioner has shown good cause for remanding this case for further administrative proceedings. His instant motion therefore should be granted.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the Commissioner's Motion to Remand (Doc. 21) be **GRANTED,** and the Commissioner's decision denying benefits be **REVERSED**.

2. That this case be **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3. That the Commissioner be ordered to direct the Administrative Law Judge to offer Plaintiff a new hearing, complete the administrative record as necessary, and issue a new decision, as set forth above.

At Pensacola, Florida, this 21st day of September 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**