IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SYLVIA C. MILLS,
    Plaintiff,

vs.                                                  Case No.: 5:09cv362/RS/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

### REPORT AND RECOMMENDATION

This matter is before the court upon "Plaintiff's Amended Petition for Attorney Fees Under the Equal Access to Justice Act" ("EAJA") (Doc. 28) and a response thereto filed by Defendant Michael J. Astrue (hereafter, "the Commissioner") (Doc. 29; *see also* Doc. 26 (Commissioner's response to Plaintiff's original petition for fees (Doc. 25))). Plaintiff requests an award of EAJA fees, payable to her attorney, in the total amount of $4,129.24, as well as the filing fee cost in the amount of $350.00 (Doc. 28 at 1, 2). The Commissioner has no objection to Plaintiff's requests (*see* Docs. 26, 29).

-     Eligibility for Award of Fees

The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party" and as such was entitled to attorney fees and expenses under the EAJA. In the instant case, the district court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see*

Docs. 22, 23). Moreover, Plaintiff's application for fees was timely filed, the Commissioner's position was not substantially justified, and the Commissioner agrees that fees should be paid in this case. Accordingly, an award of fees is appropriate.

- Amount of Fees

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's attorney seeks compensation for 4.3 hours of work performed on Plaintiff's behalf in 2009 at the hourly rate of $172.25 ($740.68), and for 17.4 hours of work performed in 2010 at an hourly rate of $174.63 ($3038.56) (*see* Doc. 28 at 3, 3–4 n.2, & Ex. D). The Commissioner has no objection to the hourly rates sought by counsel, and this court concludes that amounts greater that $125.00 per hour are reasonable, as has been found in numerous recent cases. *See, e.g.,* Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the Consumer Price Index, for work performed in 2004 through 2005). The court also concludes that the hours expended by counsel on Plaintiff's behalf (i.e., 21.7 hours) are reasonable. Accordingly, an award in the amount of $4,129.24, as agreed upon by the parties, is appropriate.

- Whether Fee is Payable to Plaintiff or Her Counsel

The remaining question concerns to whom the EAJA award is payable. In Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also* Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the litigant," the government could offset the claimant's debt against that award. Ratliff, 130 S. Ct. at 2528–29.[1]

---

[1] In Ratliff, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney, as Plaintiff has done in the instant case (*see* Doc. 28 at 3 & Ex. F).

Before the Ratliff decision, the undersigned followed the common practice of other courts in this district and circuit by routinely recommending payment to counsel when an assignment of benefits by the plaintiff was included with counsel's petition. *See, e.g.*, Turner v. Astrue, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for plaintiff where valid EAJA assignment had been made); Buffin v. Astrue, No. 3:05cv1289/J/TEM, 2008 WL 2605475, at *2 (M.D. Fla. June 30, 2008) (same); *see also* Ratliff, 130 S. Ct. at 2528 (noting the Government's "history of paying EAJA awards directly to attorneys in certain cases"). The common practice, however, appears to have evolved without the benefit of knowing whether the plaintiffs, as "prevailing parties," were responsible for debts owed to the government, and thus subject to offsets. Indeed, in the undersigned's previous practice, the parties did not discuss whether the plaintiffs owed debts to the United States, and the Commissioner did not object to payment of EAJA awards to counsel in light of the plaintiffs' assignments. Since the Supreme Court's decision in Ratliff, however, the matter of a plaintiff's outstanding debt has now been raised in this court (and other courts) by parties in connection with applications for EAJA fees. *See, e.g.*, Parker v. Astrue, No. 5:09cv189/RS/EMT, docs. 36, 37, 38. And it has been raised in the instant case.

Specifically, Plaintiff's counsel (Heather Freeman) here requests payment of the EAJA fee directly to her because: 1) Plaintiff has assigned any award under the EAJA fee to her, and 2) Plaintiff has no outstanding debt to the United States (*see* Doc. 28 at 3). Indeed, the Commissioner confirms that as of December 8, 2010, Plaintiff owed no debt "that would qualify for offset through the Treasury Offset Program" and, therefore, the Commissioner does not object to an EAJA award payable to Ms. Freeman (Doc. 29 at 1).

Thus, the undersigned concludes that under the circumstances of this case the EAJA award is properly payable to Plaintiff's counsel. S*ee* Ratliff, 130 S. Ct. at 2529 (noting that the government has recently continued its direct payment practice (that is, its practice of awarding EAJA fees to counsel) "only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney") (emphasis added) (internal quotation marks and citation omitted). *Cf.* Young v. Commissioner, No. 3:09cv574/J/MCR, 2010 WL 3043428, at *2 (M.D. Fla. July 30, 2010) ("While Plaintiff's counsel presented a document executed by Plaintiff that purports to assign future EAJA fees, nothing in the record supports a determination that Plaintiff does not currently owe a federal debt. Therefore, the attorney's fees awarded under the EAJA shall be payable directly to Plaintiff.");[2] Parker, No. 5:09cv189/RS/EMT (doc. 38) (recommending payment

---

[2] As Ratliff was decided on June 14, 2010, the Young case was decided after Ratliff.

Case No.: 5:09cv362/RS/EMT

of EAJA award to plaintiff, even though plaintiff assigned any award under the EAJA to his counsel, because plaintiff owes a debt to the United States).[3]

Accordingly, it respectfully **RECOMMENDED** that "Plaintiff's Amended Petition for Attorney Fees Under the Equal Access to Justice Act" (Doc. 28) be **GRANTED** as follows:

> Plaintiff's counsel, Heather Freeman, is entitled to recover fees in the amount of $4,129.24 for representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees and hourly rates requested under the EAJA are reasonable; and the Commissioner is directed to pay counsel that amount. The filing fee cost in the amount of $350.00 is also awarded, to be paid from the Judgment Fund of the United States Treasury.

At Pensacola, Florida, this 14th day of December 2010.

/s/ *Elizabeth M Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[3] As of the filing date of the instant Report, no objections have been filed to the Report and Recommendation issued in Parker (doc. 38, filed November 23, 2010), but it has not yet been adopted by the district court.